**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 06-174-JBC**

**EDNA J. TURNER,**                                                    **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**MICHAEL ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                      **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court on the plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (DE 26).  The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion in part and deny it in part.

The plaintiff requests $7,545.00 in attorney's fees, $375.23 in costs, and $69.42 in expenses.  The Commissioner does not object to the amount of costs, and he agrees that the plaintiff is entitled to an award of attorney's fees.  The Commissioner does, however, object to the plaintiff's requested attorney's fees and expenses.  Specifically, the Commissioner argues that counsel's hourly rate – $150 per hour – is excessive and that the number of hours for which counsel seeks compensation is not reasonable.  He also claims that the plaintiff is not entitled to reimbursement of her expenses.

**I. Hourly Rate**

"[A]ttorney fees shall not be awarded in excess of $125 per hour unless the

court determines that an increase in the cost of living or a special factor . . .

justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  In determining the hourly rate,

the court must first determine the market rate for similar legal services performed

by lawyers of comparable skill, experience, and reputation.  If the market rate

exceeds the EAJA rate, the court may, in its discretion, allow counsel to charge a

higher hourly rate.  *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (6th Cir. 1992).

This court has previously recognized that the prevailing rate in the Eastern District

of Kentucky is $125 per hour.  *See, e.g., McGuire v. Barnhart,* No. 5:04-cv-177-

JBC (E.D. Ky. July 18, 2006); *Stamper v. Barnhart*, No. 5:03-cv-468-JBC (E.D. Ky.

Sept. 16, 2004).  To the extent that counsel seeks to collect for a higher hourly

rate, he has the burden of justifying this request.  *Blum v. Stenson*, 465 U.S. 886,

895 n.11 (1984).

The plaintiff supports her request for a $150-per-hour rate with a Consumer

Price Index ("CPI") detailing the change in the price of legal services in the United

States.  This CPI – which tracks the change in price of legal services for urban

consumers throughout the United States – does not reflect a change in price for

seeking judicial review of a decision of the Commissioner of Social Security in this

district.  Moreover, while the court is not bound by fee awards in other cases, it

has repeatedly held that the prevailing hourly rate in the Eastern District of

Kentucky for a case of this nature is $125.  Because the court is not persuaded

that a higher rate is justified, it will award fees at a rate of $125 per hour.

2

**II. Hours Expended**

Under the EAJA, a plaintiff may recover fees only for time that counsel reasonably expended on her case. *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). It is the plaintiff's burden to prove that the hours spent were reasonable; she may not recover for hours that are "excessive, redundant, or otherwise unnecessary," or for work ordinarily performed by support staff. *Id.*; *see also Granville House Inc. v. Dep't of Health, Educ., and Welfare*, 813 F.2d 881, 884 (8th Cir. 1987); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988) ("[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment.").

In addition to raising specific objections to certain amounts of time, the Commissioner asserts a general objection to the alleged excessiveness of the hours claimed by the plaintiff. The court has reviewed the plaintiff's fee petition and will describe its conclusions in further detail below.

*i.* The Commissioner objects specifically to the plaintiff's request to be compensated for 2.5 hours in which her counsel allegedly prepared and mailed the summons and complaint to the Attorney General, the U.S. Attorney, and the Commissioner, after he had already claimed 1.8 hours were consumed by the preparation and filing of the complaint and summons in the United States District Court. The court agrees that this amount of time is excessive; there is no reason

3

that the mailing of the complaint should have necessitated more time than its preparation.  The court will award the plaintiff a total of 2.0 hours for the preparation, service, and filing of the complaint and summons.

*ii.* The plaintiff requests compensation for 8.0 hours expended in reviewing the administrative transcript; 2.0 hours spent preparing and filing a motion to remand; and 10.0 hours expended in preparing a motion for summary judgment, a motion for leave to exceed page limits, and a motion to remand.  The Commissioner objects to the two latter categories as excessive and unreasonable.

The court agrees with the Commissioner.  Though the plaintiff's counsel claims that he spent 2.0 hours preparing and filing a motion to remand, he offers no explanation for his seeking compensation for preparing and filing that same motion to remand two weeks later along with his motion for summary judgment. Further, the court finds it unreasonable for the plaintiff to spend 8.0 hours reviewing the administrative transcript and then spend another 10.0 hours preparing the motion for summary judgment.  Finally, the court will not require the Commissioner to compensate the plaintiff for the preparation and filing of his motion to exceed the court's page limits.  The plaintiff's inability to comply with the court's orders should not be financed by the Commissioner.[1]  The court finds that 14.0 hours were reasonably expended by the plaintiff's counsel in reviewing

---

[1]For similar reasons, the court will disallow the plaintiff's request for compensation for the .2 hours her counsel expended in reviewing this court's order granting her motion to exceed page limitations.

4

the record and preparing the substantive motions in this action.

*iii.* The court will not require the Commissioner to reimburse the plaintiff for the .6 hours allegedly expended by her counsel in filing a response to the court's show-cause order since no show-cause order was ever entered in this action.  The court construed this filing by the plaintiff as a motion for an extension of time and granted it on October 11, 2006.  *See* DE 10.

*iv.* On October 11, 2006, the plaintiff filed a motion for leave to file a substitute memorandum brief.  *See* DE 12.  As grounds for the motion, the plaintiff's counsel claimed that he had accidentally submitted a brief pertaining to another matter and requested that the court grant him leave to file an amended brief.  *Id.*  The court granted this motion and the plaintiff's substituted brief was entered into the record.  *See* DE 14, 15.  The plaintiff now seeks compensation for a total of 1.6 hours spent in preparing, filing, and reviewing this motion and the court's order granting it.  The court will not require the government to pay the plaintiff's counsel for his unexplained failure to properly file documents with the court, and it will deny the plaintiff's request for compensation for this time.

*v.* The plaintiff's counsel requests remuneration for 3.0 hours of time he spent reviewing the Commissioner's motion for summary judgment.  In light of the fact that the plaintiff was not required to and did not file any objection to this motion, the court deems this request excessive and will award 2.0 hours.

*vi.* On January 16, 2007, the Clerk of Court electronically informed the

5

plaintiff's counsel that he had incorrectly linked the reply to his motion to remand to the Commissioner's motion for summary judgment. Since this error was on the part of the plaintiff's counsel, the court will not require the Commissioner to reimburse him for the .4 hours he spent in responding to the Clerk's notification.

*vii.* At various points in the fee petition, the plaintiff's counsel requests compensation for the "receipt and review" of certain electronically filed documents; these time increments generally range from .1 to .3 hours. The court finds that, depending on their length, .1 to .3 hours is an adequate amount of time to spend reviewing filed documents.   To the extent not already disallowed and with the following exceptions, the court will grant the plaintiff's requests for compensation for time spent reviewing pleadings and orders filed in the record.

The court will not allow the plaintiff's requests for payments resulting from his review of the notifications he received on November 15, 2006, December 19, 2006, and January 16, 2007, that motions filed by the parties had been submitted to the undersigned for review. These electronic notifications are administrative, not substantive, and they require no action on the part of the plaintiff's counsel. Also, the court will not award the plaintiff's counsel .6 hours for the receipt and review of the court's one-sentence order entered on December 20, 2006, granting the Commissioner's motion for an extension of time. The court will instead award .2 hours for the review of this order.

*viii.* Finally, the plaintiff's counsel seeks recovery for 5.4 hours of time spent

6

in preparing and filing his motion for attorney's fees and the reply thereto. Specifically, he requests 1.4 hours for the preparation of the motion itself and 4 hours for the review of the Commissioner's response and the preparation of the reply.

Though 1.4 hours is a reasonable amount of time to spend preparing a motion for attorney's fees, the court also finds that the 4 hours requested for the filing of the plaintiff's reply is excessive.  The substantive portion of the plaintiff's reply brief is five pages, and it appears that parts of it were "cut-and-pasted" from briefs submitted by counsel in other actions before the undersigned.  Further, in the reply brief, the plaintiff' counsel generally argues positions that the court has found to be without merit.[2]  The court finds that .8 hours were reasonably expended in replying to the Commissioner's response to the attorney's fees motion.

*ix.* Based on the foregoing, the court finds that the plaintiff's counsel reasonably expended 33.5 hours of time in this matter, and it will award the plaintiff attorney's fees for this amount of time.

---

[2]Including the present action, this court has now rejected counsel's argument that he is entitled to a fee of $150 per hour based on the CPI on at least five occasions.  *See also Kennedy v. Comm'r of Soc. Sec. Admin.,* 5:06-cv-162-JBC (E.D. Ky. May 3, 2007); *Bailey v. Comm'r of Soc. Sec. Admin.,* 5:05-cv-342-JBC (E.D. Ky. Aug. 4, 2006); *McGuire v. Comm'r of Soc. Sec. Admin.,* 5:04-cv-177-JBC (E.D. Ky. July 18, 2006); *Stamper v. Comm'r of Soc. Sec. Admin.,* 5:03-cv-468-JBC (E.D. Ky. Sept. 16, 2004).  The court recognizes that each request for attorney's fees must be considered individually and that it is not bound by orders entered in other cases.  However, the court also finds it unreasonable to force the Commissioner to compensate the plaintiff for litigating a position that has been repeatedly and consistently overruled by this court.

7

**III. Expenses**

The plaintiff requests $69.42 as a mileage reimbursement for trips her

counsel made to Pikeville, Kentucky to file the complaint, summons, and

documents showing that service was successfully completed on the Commissioner,

the United States Attorney General, and the United States Attorney for the Eastern

District of Kentucky.  While recognizing that travel expenses may sometimes be

compensated under the EAJA, the Commissioner objects to the expenses sought

by the plaintiff on the grounds that these expenses are inadequately documented

and unnecessary.

The court agrees with the Commissioner.  The Eastern District of Kentucky

permitted electronic filing at the time this case was filed and has since mandated

the use of the electronic filing system.  *See* Joint General Order 05-03; Fed. R. Civ.

P. 5(e).  Even before the advent of the electronic court management system,

however, the plaintiff could have easily mailed documents to the Clerk of Court

rather than manually delivering them.  Thus, the transportation to and from the

federal courthouse in Pikeville by the plaintiff's counsel was unnecessary to the

litigation of this case.  Though counsel may prefer to file his pleadings in person,

the Commissioner should not be forced to compensate him for this preference.  The

court will therefore deny the plaintiff's request for expenses.

**IV. Conclusion**

Accordingly,

8

**IT IS ORDERED** that the plaintiff's motion for attorney's fees and costs (DE 25) is **GRANTED IN PART** and **DENIED IN PART**.  The defendant shall pay the plaintiff attorney's fees of $4,187.50 and costs of $375.23.


Signed on July 3, 2007


*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY